UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO: 8:19-cr-32-CEH-AAS

JOSE ULPIANO ILER-REYES
_____/

## O R D E R

This matter comes before the Court on the Defendant's Motion for Hardship Credit for Time Served (Doc. 162). In the motion, Defendant requests the Court grant two days of credit for each day served in "lock-down status."  The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Hardship Credit for Time Served.

## DISCUSSION

Defendant, Jose Ulpiano Iler-Reyes, was sentenced on August 15, 2019, to a term of 87 months' imprisonment and five years of supervised release after pleading guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 104. On August 31, 2021, Defendant moved *pro se* for entry of an Order awarding him two days credit for each day served during "lockdown status" of the Giles W. Dalby Correctional Facility due to the COVID-19 pandemic. Doc. 162. Defendant argues being in lockdown violated his Fifth, Eighth, and Fourteenth Amendments warranting two days of credit for each day he was imprisoned during this time.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

To the extent that Defendant seeks a modification of his sentence, Defendant provides no evidence that he first made a request to the warden of the facility in which he is incarcerated. Accordingly, Defendant has failed to establish that he exhausted his administrative remedies, and the motion is due to be denied for that reason.

Further, review of the motion reveals Defendant has not provided the basis for his request for a modification of his sentence. In that regard, he does not claim that an extraordinary and compelling reason exists to support a reduction in his sentence, nor does he direct the Court to any statute or legal authority supporting the relief requested.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Hardship Credit for Hard Time Served (Doc. 162) is **DENIED**.

2.    The Clerk is directed to mail a copy of this Order to Defendant, Jose Ulpiano Iler-Reyes, at FCI Berlin, 1 Success Loop Road, Berlin, N.H. 03570, and update the docket accordingly with Defendant's current address.[1]

**DONE AND ORDERED** in Tampa, Florida on September 6, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

---

[1] According to the Bureau of Prisons' website, Defendant is currently incarcerated at Berlin Federal Correctional Facility, with an expected release date of March 30, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed Aug. 24, 2022).