UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:19-CR-00032-CEH-AAS

JOSE ULPIANO ILER-REYES

### ORDER

This cause comes before the Court on Defendant Jose Ulpiano Iler-Reyes's Motion for Compassionate Release (Doc. 170). Proceeding *pro se*, Iler-Reyes requests compassionate release based upon a challenge to the merits of his conviction, stress brought on by his living environment, and the likelihood of contracting COVID-19 due to the shared ventilation system in his cell block. Doc. 170 at 1-2. The Government opposes Iler-Reyes's motion (Doc. 172), and Iler-Reyes has replied (Doc. 176).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

**I.  BACKGROUND**

On August 19, 2019, Jose Ulpiano Iler-Reyes was sentenced to 87 months' incarceration upon his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, based on conduct committed through January 24, 2019. Doc. 104. Now 34, Iler-Reyes is incarcerated at FCI Berlin.

Iler-Reyes moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the known long-term consequences of COVID-19 and the impossibility of practicing social distancing in Bureau of Prisons ("BOP") facilities due to shared ventilation systems and crowded facilities, compounded with the stress arising from violence occurring in his housing unit, makes his release necessary. Doc. 170 at 2. He also challenges the validity of his conviction, based on the contention that he is not a United States citizen and had no intent to travel into United States territory. *Id.* at ¶¶ 2-5.

Responding in opposition, the Government argues that Iler-Reyes did not make a request for administrative relief to the BOP and has therefore failed to exhaust his administrative remedies. Doc. 172 at ¶ 4. Further, the Government responds that Iler-Reyes's claim that he never intended to travel into U.S. territory (Doc. 140 at 1) is not a basis for granting compassionate release. Doc. 172 at ¶ 6. The Government contends that stress caused by inmate violence at FCI Berlin and the possible long-term consequences of contracting the COVID-19 virus are also not extraordinary or compelling reasons that warrant compassionate release. *Id.* at ¶ 7. The Government cites BOP records that indicate Iler-Reyes has been vaccinated against COVID-19 and has been cleared for food service and regular duty in the prison. Doc. 175-3 at 1-2, 14.

Iler-Reyes replies by first contending that the Government's response is not a sworn document and is therefore rebuttable. Doc. 176 at ¶ 2. He then argues, based upon his own investigation, that there is no proof the United States Coast Guard followed 46 U.S.C. 70503(e), rendering his apprehension outside of the Coast Guard's

2

jurisdiction. *Id.* at ¶ 4. Finally, Iler-Reyes attaches a copy of the request for compassionate release that he submitted to the Warden at FCI Berlin on July 4, 2022. Doc. 176 at 4.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or

3

> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

## III.   DISCUSSION

As a threshold matter, the Court finds that Iler-Reyes has adequately exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Government challenges whether Iler-Reyes satisfied the exhaustion requirement because he did not attach any evidence to his motion (Doc. 170). Doc. 172 at ¶ 4. The Government, in turn, attaches as an exhibit a November 22, 2022 email inquiry to FCI Berlin, in response to which no results were located. Doc. 175-1. The Court observes that the Government misspelled Iler-Reyes's name in its inquiry. *Id.* at 3. Moreover, Iler-Reyes attached a copy of the request for compassionate release to the warden on July 4, 2022, to his reply. Doc. 176 at 4. Because he made the request more than 30 days before filing the instant motion on October 6, 2022, the Court finds that he has satisfied the exhaustion requirement.

However, Iler-Reyes has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of

compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Iler-Reyes is 34 years old and was not sentenced until 2019. Doc. 104. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A)(ii). Iler-Reyes argues that he is eligible for compassionate release because there is no merit to his conviction, and because he has already served about half of his sentence as contemplated by the CARES Act. Doc. 170 at ¶¶ 2-6. Additionally, Iler-Reyes alleges twofold vulnerability to the COVID-19 virus, explaining that stress caused by inmate violence could weaken his immune system and make him more vulnerable to the virus and its long-term consequences, as well as the shared ventilation systems within the living units that make social distancing impossible. Doc. 170 at ¶ 6-8.

Iler-Reyes's identified reasons plainly do not fall within any of the first three categories of extraordinary and compelling reasons listed in the policy statement. The fourth type, often described as a "catch-all" provision, provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons

described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. N. 1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *United States v. Bryant*, 996 F.3d 1243, 1243 (11th Cir. 2021). Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *United States v. Giron*, 15 F.4th 1343, 1350 (11th Cir. 2021) (even in the context of COVID-19, "district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Because Iler-Reyes has not established that the BOP has approved any of his identified reasons, he is also not eligible for compassionate release under the catch-all provision. The Court will address each reason in turn.

First, this Court cannot consider the merits of Iler-Reyes's substantive challenge to his conviction (Doc. 170 at ¶ 3), which amount to an argument for habeas corpus relief under 28 U.S.C. § 2255. But alleged entitlement to habeas corpus relief is not one of the listed reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See Bryant*, 996 F.3d at 1262 ("district courts are bound by the Commission's definition of 'extraordinary and compelling reasons'"); *Giron*, 15 F.4th at 1346-47 (same); *Qaasim v. Warden, FCC Coleman – Low*, No. 5:23-cv-175, 2023 WL 2691681, at *1 (M.D. Fla. Mar. 29, 2023) (petitioner's challenge to his judgment and sentence is not cognizable under compassionate release statute). As in *Qaasim*, Iler-Reyes can neither receive

compassionate release because he is challenging his conviction, nor challenge his conviction via a motion for compassionate release.[2]

Iler-Reyes also references the CARES Act when pointing out that he has served approximately half of his sentence. Doc. 170 at ¶ 6. The CARES Act was a response to COVID-19 that was intended to be an alternative to compassionate release. Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). It expanded the BOP's authority by giving it the discretion to place in home confinement candidates it found suitable. *Id.* But the CARES Act did not expand the *Court's* ability to reduce a defendant's sentence beyond the limited provisions in 18 U.S.C. § 3582(c). *See United States v. Pribyl*, No. 20-11848, 2022 WL 424874, at *2 (11th Cir. Feb. 11, 2022) (the CARES Act expanded the BOP's authority but "does not provide the *judiciary* any additional authority to grant home confinement to a prisoner) (emphasis in original). Accordingly, the Court cannot consider the CARES Act when determining whether Iler-Reyes has established an extraordinary and compelling reason. Nor is the fact that Iler-Reyes has served more than half of his sentence one of the policy statement's identified reasons for compassionate release.

Finally, Iler-Reyes argues that the conditions at his prison render him vulnerable to COVID-19. The Court acknowledges the risks that the COVID-19 pandemic poses to vulnerable individuals, particularly in a congregate setting, as well as the stress that

---

[2] To the extent Iler-Reyes wishes to make a collateral challenge to his conviction, he must file a habeas corpus motion pursuant to 28 U.S.C. § 2255, abiding by all procedural requirements, including time limits, that apply to such motions.

may come from living in BOP custody. However, Iler-Reyes does not allege that he has any underlying medical conditions, nor do his medical records suggest the presence of one. *See* Doc. 175-2; Doc. 175-3. Extreme stress and the possibility of a weakened immune system because of that stress are not an extraordinary and compelling reason for compassionate release. *See United States v. Winner*, 835 Fed. Appx. 1002, 1004-05 (11th Cir. 2020) (district court did not abuse its discretion in denying compassionate release where petitioner's medical conditions that affected her "ability to cope with stress and uncertainty, such as incarceration and the invasion of a novel disease"). Even if Iler-Reyes had an underlying medical condition that put him at risk of serious consequences from COVID-19, the Eleventh Circuit has ruled that vulnerability to COVID-19 is not a reason for compassionate release. *See Giron*, 15 F.4th at 1346-47 (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). Accordingly, the Court finds that Iler-Reyes has not met his burden of establishing an extraordinary and compelling reason. His motion for compassionate release must be denied.[3]

Accordingly, it is **ORDERED**:

---

[3] Because the Court has determined that Iler-Reyes is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a).

9

1. Defendant Jose Ulpiano Iler-Reyes's Motion for Compassionate Release (Doc 170) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties